[No. 9603. In Bank. — September 27, 1887.]

## MARGARET M. HUTCHINSON, RESPONDENT, *v.* A. G. AINSWORTH ET AL., APPELLANTS.

MORTGAGE — FORECLOSURE — CERTIFICATE OF NOTARY — REFORMATION OF — PARTIES DEFENDANT. — In an action to foreclose a mortgage executed by a married woman, and to reform the certificate of the notary before whom the same was acknowledged, the notary is not a necessary party defendant.

ID. — REFORMATION AND ENFORCEMENT OF — JOINDER OF CAUSES — PLEADINGS. — A complaint which seeks to reform a mortgage, and to enforce the same as reformed, states but one cause of action.

ID. — STATUTE OF LIMITATIONS — AMENDED COMPLAINT — FILING OF — APPEAL — RELATION. — The mortgage in question was executed on the 3d of September, 1878, to secure a promissory note which matured one year thereafter. The present action to foreclose the mortgage was commenced on the 25th of March, 1880. On the 19th of August, 1880, the plaintiff asked leave to amend her complaint so as to obtain a reformation of the mortgage and its foreclosure as reformed. The court refused to allow the amendment, and rendered judgment for the defendants. The judgment was reversed on appeal on the 28th of March, 1883, and

the amended complaint was filed on the 11th of May, 1883. *Held*, that pending the appeal the statute of limitations did not run against the right of the plaintiff to have the mortgage reformed, and that the amended complaint should be treated as filed as of the date of the application therefor.

ID. — EVIDENCE OF MISTAKE — CONFLICT. — In an action to reform a written instrument on the ground of mistake, the relief prayed for will not necessarily be refused merely because there is a conflict of testimony as to the mistake, if upon all the evidence the mistake is established in a clear and convincing manner to the entire satisfaction of the court.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*George W. Tyler*, and *W. B. Tyler*, for Appellants.

*William Reade*, and *W. C. Belcher*, for Respondent.

SEARLS, C. J.—This cause was here on a former appeal, the decision on which is reported in 63 Cal. 286.

In 1878, the defendants, Anna Ainsworth and A. G. Ainsworth, made their promissory note to Margaret M. Hutchinson for three thousand five hundred dollars, payable on the third day of September, 1879, with interest at ten per cent per annum.

The note was given for money loaned to said defendant by plaintiff, who is a married woman, and was her separate property.

To secure the payment of the promissory note, Anna Hutchinson executed the mortgage, to foreclose which this action is brought. The property mortgaged was the separate property of Anna Ainsworth, who is a married woman.

The acknowledgment made by said Anna Ainsworth is found to have been properly taken, but the notary, in certifying thereto, failed to specify that he made her acquainted with the contents of the instrument, separate from and without the hearing of her husband.

A copy of the certificate is set out in the report of the case on the former appeal. In that appeal this court reversed the judgment and order of the court below, upon the ground of error in refusing plaintiff's application to amend her complaint so as to show that the acknowledgment was actually taken in compliance with the statute, with a view to a judgment correcting the certificate as provided by section 1202 of the Civil Code.

The action was brought March 25, 1880.

Upon the return of the cause to the court below, and on the eleventh day of May, 1883, the complaint was amended, averring the acknowledgment to have been properly taken, and asking that the certificate be reformed and corrected.

To this amended complaint defendant demurred, upon the grounds, among others:—

1. That there is a non-joinder of parties defendant, in that William H. Burrill, the notary who took the acknowledgment, should have been made a defendant.

2. That two causes of action are joined in the complaint without being separately stated.

3. That the cause of action is barred by subdivision 4 of section 338 of the Code of Civil Procedure.

The demurrer was overruled, and this action is assigned as error.

The demurrer was properly overruled.

The notary was not a necessary party defendant to the reformation of his certificate. The reformation, if made at all, could only be so made by the judgment of the court. ( *Wedel* v. *Herman,* 59 Cal. 515.)

The objection of the demurrer is not that two causes of action are improperly united, but that they are contained in the complaint, and are not separately stated. Waiving the question whether or not a proper uniting of two causes of action in the same complaint, without stating them separately, is a cause for demurrer, we are of opinion the complaint states but one cause of action.

"An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." (Code Civ. Proc., sec. 22.)

The facts upon which the plaintiff's right to sue is based, and upon which the defendant's duty has arisen, coupled with the facts which constitute the latter's wrong, make up *the cause of action.*

If these facts taken together give a unity of right, they constitute but one cause of action.

In equity, the relief or the enforcement of a single right may be varied, and the facts essential to such relief may be set out without objection as auxiliary to the right to be enforced.

In the case at bar, the object of the action is to collect a single debt, and to enforce a single lien to redress a single wrong. To accomplish this object, dual relief is sought, but this circumstance, so frequent in equity, does not constitute two causes of action. Pomeroy, at section 459 of his work on Remedies, in discussing this question, uses the following language:—

"Actions brought to reform instruments in writing, such as policies of insurance and other contracts, mortgages, deeds of conveyance, and the like, and to enforce the same as reformed by judgments for the recovery of the money due on the contracts, or for the foreclosure of the mortgages, or for the recovery of possession of the land conveyed by the deed, fall within the same general principle. One cause of action only is stated in such cases, however various may be the reliefs demanded and granted." (*Meyer* v. *Van Collem*, 7 Abb. Pr. 222; *McClurg* v. *Phillips*, 49 Mo. 315.)

3. Is the cause of action barred by the statute of limitations?

To repeat: the note and mortgage were executed September 3, 1878, and fell due September 3, 1879. Suit brought March 25, 1880.

Leave to amend the complaint was asked and refused by the court at the first trial on the nineteenth day of August, 1880. Judgment reversed March 28, 1883. Amended complaint filed May 11, 1883.

It will be observed that three years had not elapsed from September 3, 1878, the date of the mistake in the certificate, when plaintiff asked and was denied the privilege of amending her complaint so as to have such mistake corrected.

Under such circumstances, the plaintiff having a legal right to file her amended pleading, and having been prevented from so doing by the act of defendants and through the error of the court below, it should, by application of the doctrine of relation, be deemed and treated as having been filed as of the date of the application and refusal.

If A has a right to answer a complaint filed against him, which right is denied by the *nisi prius* court, after an appeal and reversal of the order denying such right, he cannot be met with the answer that his time to answer has expired under the statute.

This doctrine is quite different from that which prevents a party from taking advantage of a disability, unless it existed in his favor at the time that the statute began to run.

A disability to sue may be a misfortune, but as it cannot be attributed to the acts of others, it must be borne by the party upon whom it rests, except so far as relieved against by statute.

Plaintiffs were under no disability. They asked to exercise a right which was refused by the court, and as they might well do, they procured a correction of the error by appeal, whereupon they were entitled to stand in the position they would have occupied had the right been granted them in the first instance. Any other rule would render a successful appeal fruitless in a variety of cases.

This reasoning proceeds upon the theory that the application to reform the certificate was a cause of action which would be barred within three years from the date of the mistake sought to be corrected, or if not then known, within three years after its discovery; but it may well be doubted whether the right to reform the certificate of acknowledgment was not a mere incident to the right to recover upon the note and mortgage, which would stand or fall with its principal.

Had we confined ourselves to the statements of the complaint, we might have disposed of the demurrer thereto more briefly; but as the same question is presented upon a broader field by the findings, we have discussed it in its latter aspect, and are of opinion the demurrer was properly overruled, and that the findings against the plea of the statute of limitations are fully warranted.

We are asked to review the evidence upon the question of a mistake by the notary in certifying to the acknowledgment, and to set aside the finding of the court, upon the ground that it is not supported by the evidence; and in this connection are referred to a number of cases in which it is held that to authorize the correction of mistakes by reforming written instruments, the alleged mistake must be clearly made out by proofs entirely satisfactory, and that nothing short of a clear and convincing state of facts showing the mistake will warrant the court to interfere with and reform the instrument.

As was said in *Lestrade* v. *Barth,* 19 Cal. 660, " the evidence, it is true, must be clear and convincing, making out the mistake to the entire satisfaction of the court, and not loose, equivocal, or contradictory, leaving the mistake open to doubt."

The conclusion from the sum of all the authorities on the subject is, not that relief must necessarily be denied because there is a conflict of testimony, for that would result in a denial of justice in some of the

plainest cases calling for such relief, but that upon all the proofs, taking the facts as they appear to the court after eliminating testimony unworthy of credence, or based upon mistake or uncertainty, as in other cases, the mistake must be established in a clear and convincing manner, and to the entire satisfaction of the court. Viewed in this light, and we cannot say the court was unauthorized by the testimony in the conclusion it reached.

The testimony of the notary, Burrill, is clear and explicit to the facts: that he went to the house of the mortgagor; that her husband retired from the room; that he then and there made her acquainted with the contents of the instrument, and that she acknowledged it, etc., all without the presence or hearing of her husband; and that upon returning to his office, he inadvertently attached a printed certificate, which would have been valid under the statute as it formerly existed, but which failed to certify that he made the mortgagor acquainted with the contents of the instrument without the presence and hearing of her husband, as required by the present law. This was a mistake which might well have happened; and upon such testimony, if believed to be true, the court below was fully warranted in the conclusion it reached.

The conveyance, then, having been properly executed and acknowledged (though not properly certified), was valid as between the parties to it, and all the world, except subsequent *bona fide* purchasers for a valuable consideration, without notice.

The court found that the defendant, Tyler, had notice of the mortgage as recorded, but no notice, in fact, that it had been properly acknowledged; that he gave no money or thing of value therefor, and incurred no liability on account thereof, except the contingent liability that if the rents of the property which was covered by the mortgage did not amount to five hundred dollars, he

would pay his grantor that amount, and that the rents paid said sum, and he never became liable therefor.

The testimony supports this finding, and had the court found a fuller and more complete notice in Tyler, we do not see that such finding could have been disturbed by this court.

The judgment and order appealed from are affirmed.

SHARPSTEIN, J., TEMPLE, J., PATERSON, J., McKINSTRY, J., McFARLAND, J., and THORNTON, J., concurred.