[No. 19144. Department One.—July 31, 1893.]

## JAMES F. SULLIVAN ET AL., RESPONDENTS, v. J. M. MOORHEAD, APPELLANT.

REFORMATION OF DEED — VARIANCE FROM WRITTEN CONTRACT — MISTAKE. — Where a written contract for the exchange of land, made in San Francisco, provided for the conveyance of four city lots in Los Angeles, described as containing about two hundred feet front, with seven houses thereon, and the defendant represented to the plaintiffs that the property he was to convey had a frontage of two hundred feet, and each of the lots had a frontage of fifty feet, and the deed of the lots described them as three lots and *part* of a fourth, "containing about two hundred feet front," with the seven houses thereon, upon the delivery of which for examination the defendant stated to the plaintiffs that the

description therein was according to the written agreement, the plaintiffs are not precluded by examination and acceptance of, the deed from obtaining a rescission and correction thereof to correspond with the written contract, on the ground of mistake, upon subsequent discovery that the deed did not embrace all the land which the defendant had agreed to convey to them.

ID. — SHOWING OF MISTAKE — EFFECT OF READING DEED — MUTUAL MISTAKE — FRAUD. — Where the evidence was sufficient to satisfy the court that the deed did not express the intention of the parties, and that the plaintiffs had been mistaken in supposing that it did, the fact of his having read the instrument would not prevent the court from finding that it was made under a mistake; nor was the court bound to accept the statement of the defendant as to his intention in direct contradiction of the written contract, and from his statement to plaintiffs that the deed was intended to be in execution of the agreement, the court was authorized to find that the mistake was mutual, and that his failure to include the whole of the four lots in his deed, in accordance with the written agreement, without showing a release from his obligation, was either a mistake on his part, or a fraud upon the plaintiffs.

ID. — CLEAR PROOF OF MISTAKE — CONFLICTING EVIDENCE — DECISION OF TRIAL COURT — APPEAL. — To justify a court in decreeing the reformation of an instrument on the ground of mistake, the proof of the mistake must be clear, convincing, and satisfactory to the court; yet a mere conflict of testimony as to the mistake does not necessitate a denial of the relief, and the decision of the trial court upon such conflict is conclusive upon the appellate court.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*A. B. Hotchkiss,* and *Charles J. Heggerty,* for Appellant.

There is nothing in the evidence to bring the case within the rule entitling revision. (Civ. Code, sec. 3399.) There is sufficient doubt apparent from the respondents' testimony as to whether there was or was not a mistake, and if so, what it was to defeat revision, as the mistake must be proved beyond a reasonable doubt, and not by loose and uncertain testimony. (*Leonis* v. *Lazzarovich,* 55 Cal. 52; *Lestrade* v. *Barth,* 19 Cal. 660; *Ford* v. *Joyce,* 78 N. Y. 618; *Northwestern etc. Ins. Co.* v. *Nelson,* 103 U. S. 549; 2 Pomeroy's Equity Jurisprudence, sec. 859, p. 325; 1 Story on Equity Jurisprudence, 13th ed., p. 153.) If respondents believed they were getting *all* of lot 13, or two hundred feet, and appellant that he was only conveying *a part* of lot 13, and *about* two hundred feet, then the minds of the parties never met upon the same thing in the same sense. (Civ. Code, sec. 1580.) If, therefore, the mistake was *not mutual,* but made inadvertently by respondents, and in good faith by

appellant (and there is no evidence nor any finding of bad faith), there might be *a rescission,* on the ground that their minds never met, but there cannot be any reformation of the contract. (*Humphreys* v. *Hurtt,* 20 Hun, 498; 50 How. Pr. 291; *Smith* v. *Makin,* 4 Lans. 46.)

*Wilson & Lamme,* for Respondents.

The findings of the court are clearly sustained by the evidence, and the case is clearly one for revision of the deed. (Civ. Code, sec. 3399; *Higgins* v. *Parsons,* 65 Cal. 280; *Wilson* v. *Moriarty,* 88 Cal. 212.)

HARRISON, J.—October 10, 1889, the plaintiffs and defendant entered into an agreement for the exchange of lands, by which the defendant agreed to convey to the plaintiffs certain property in Los Angeles "known as lots ten (10), eleven (11), twelve (12), and thirteen (13), in the Pomeroy and Mills subdivision of the Hollenbeck tract, containing about two hundred (200) feet front, and one hundred and ten (110) feet in depth, together with the houses thereon known as Nos. 706 to 712, New Main Street, inclusive." In purported execution of this agreement the defendant on the seventeenth day of December, 1889, made a conveyance to the plaintiffs of "lots Nos. ten (10), eleven (11), twelve (12), and *part of* thirteen (13), in block No. 2 of the Pomeroy and Mills subdivision of the Hollenbeck tract, containing about two hundred (200) feet front, and one hundred and ten (110) feet in depth, together with the houses thereon, known as Nos. 106 to 112, New North Main Street, inclusive." The plaintiffs having ascertained in February, 1890, that the deed of conveyance did not embrace all the land which the defendant had agreed to convey to them, commenced this action to compel the defendant to carry out the terms of his agreement, and for a revision of the instrument of conveyance so that the description therein would conform to the agreement of October 10, 1889. The case was tried by the court without a jury, and findings of fact were made in support of the averments in the plaintiffs' complaint, and judgment rendered in their favor. The defendant moved for a new trial upon the ground that the evidence was insufficient to justify the decision.

and that the decision was against law, and for errors of law occurring at the trial. The new trial was denied, and from this order and also from the judgment he has appealed.

The main contention of the appellant is that, because at the time the deed was executed the plaintiffs examined the description therein, and were thus aware that it purported to convey only "a part of lot 13," there could have been no mistake on their part, and as the defendant testified at the trial that it was his distinct understanding that he was to give only a part of lot 13, there was no mutual mistake, and consequently no ground for a court of equity to reform the instrument of conveyance. For the purpose of determining, however, whether the instrument expressed the intention of both parties thereto, or whether the description inserted therein was by reason of a mutual mistake, or a fraud on the part of the appellant, the court was not bound to accept the statement of the defendant at the trial, or concluded by the fact that the plaintiffs had examined the instrument before it was delivered to them. If the court was satisfied from all the evidence at the trial that notwithstanding such examination the plaintiffs did not then understand the terms of the instrument, and were not aware that it failed to convey all the land which they were entitled to receive under their agreement, it was authorized to find that it was accepted by them under a mistake in this particular. The transaction between the parties took place at San Francisco, and the plaintiffs had not seen the land until after the execution of the deed. The defendant in his negotiations with the plaintiffs represented that the property he was to convey had a frontage of two hundred feet, and each of the lots which he agreed to convey had in fact a frontage of fifty feet. The defendant had agreed to convey to the plaintiffs these four lots, and he himself testified at the trial that he said to the plaintiffs at the time the deed was presented for examination that the description therein was according to agreement of October 10, 1889. The testimony of the plaintiff James that he always supposed that the deed gave him two hundred feet is uncontradicted, and the fact that he read the deed is not conclusive against his having misunderstood its terms. If the evidence was sufficient to satisfy the court that the deed did not express the intention of

the parties, and that the plaintiff had been mistaken in supposing that it did, the fact of his having read the instrument would not prevent the court from finding that it was made under a mistake. (*Higgins* v. *Parsons*, 65 Cal. 280.) Neither was the court bound to accept as conclusive the statement of the defendant as to his intention, since it was in direct contradiction to his written agreement, and inasmuch as he stated to the plaintiffs at the time of the transaction that the instrument was intended to be in execution of that agreement, the court was authorized to find that the mistake was mutual. As he had made an agreement to convey the four lots, it was incumbent upon him to show some subsequent agreement or circumstances by which he was relieved from this obligation; otherwise the court was at liberty to regard his failure to include the whole of the lots in the conveyance as either a mistake upon his part or a fraud upon the plaintiffs.

Although the rule is that, in order to justify a court in decreeing the reformation of an instrument on the ground of a mistake, the proof of the mistake must be clear, convincing, and satisfactory to the court, yet a mere conflict of testimony as to the mistake does not necessitate a denial of the relief (*Hutchinson* v. *Ainsworth*, 73 Cal. 452; 2 Am. St. Rep. 823; *Wilson* v. *Moriarty*, 88 Cal. 211); and the decision of the trial court upon such conflict of evidence is conclusive upon this court. (*Brison* v. *Brison*, 90 Cal. 334.)

The question of a mistake was the issue between the parties, and the court found upon the conflict of evidence before it that the instrument had been executed as the result of such mistake. We cannot say from the evidence in the record that the court was not justified in making such findings.

The evidence offered by the defendant, and excluded by the court, was clearly immaterial to any issue in the case.

The judgment and order are affirmed.

GAROUTTE, J., and PATERSON, J., concurred.

Hearing in Bank denied.