(May 19, 1897.)

# VERMONT LOAN AND TRUST COMPANY v. McGREGOR.

[51 Pac. 102.]

FOREIGN CORPORATION—ON WHOM LEGAL PROCESS MAY BE SERVED.—
When a foreign corporation has no resident attorney on whom a notice of appeal may be served, such notice may be served on the resident agent of such corporation on whom process may be legally served.

CIVIL PROCEDURE—SERVICE OF AMENDED COMPLAINT.—Where complaint is amended by asking reformation of certificate of acknowledgment, the service of the amended complaint is not required to be made on defendants, who are in default for want of an answer, and who are not parties to the mortgage.

SAME.—Section 4176 provides for the service of amended complaint on all "the defendants affected thereby," and none other.

FORECLOSURE OF MORTGAGE—WHEN COMPLAINT IS SUFFICIENT.—A complaint containing all necessary averments for foreclosure of mortgage and for reformation of certificate of acknowledgment to such mortgage states but one cause of action.

JURISDICTION—PRESUMPTION AS TO RECORD.—On this appeal the regularity of proceedings and jurisdiction of court below must be presumed, as the record affirmatively shows those facts.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

George W. Goode, for Appellant.

The court erred in granting the order for writ of assistance, for the reason that the amended complaint was never served on the defendants, Henry McGregor and J. B. West, through

whom defendant, Thyrza C. McGregor, claims equity of redemption, and therefore the right to hold possession. Appellant's husband, Henry McGregor, being the principal mortgagor, was a necessary party to the suit; and whenever the complaint was amended in matter of substance, a copy of such amended complaint should have been served upon him as required by statute, and without such service the judgment is absolutely void. (Code, secs. 4176, 4228.) The above sections of our code are the same as those of California, and in several instances they have been construed by the supreme court of that state. The last case of that court directly passing upon the question is *Reinhart v. Lugo*, 86 Cal. 399, 21 Am. St. Rep. 52, and note, 24 Pac. 1089; *Thompson v. Johnson*, 60 Cal. 292. The appellant's list of authorities in the latter case contains a large number of cases in point from other states. (*McGary v. Peé ororena*, 58 Cal. 92; *Elder v. Spinks*, 53 Cal. 294; *Schuttler r King*, 12 Mont. 149, 30 Pac. 28; *Barber v. Briscoe*, 8 Mont. 214, 19 Pac. 590; *Shaw v. Bryant*, 66 Hun, 627, 20 N. Y. Supp. 785; *Hittson v. Gentry*, 2 Tex. Civ. App. 670, 22 S. W. 70; 1 Am. & Eng. Ency. of Pl. & Pr. 645.) A writ of assistance will never be granted where there is the least doubt as to whether the applicant is entitled to the same. (2 Am. & Eng. Ency. of Pl. & Pr. 979, 980, notes; *City of San Jose v. Fulton*, 45 Cal. 316.) And a question of the insufficiency of service to give the court jurisdiction of the parties will be inquired into on a motion of this kind. (*Steinbach v. Leese*, 27 Cal. 295.)

A. E. Gallagher and Fred W. Piper, for Respondent.

This court can acquire appellate jurisdiction only by compliance with the statutory requirements concerning appeals, and service of the notice of appeal is jurisdictional and cannot be waived. The notice of appeal must be served, and the appeal bond filed in the manner and within the time prescribed by the statute, or this court is without jurisdiction to hear the appeal on its merits, and these facts must affirmatively appear from the transcript. (Idaho Code, sec. 4808; *Penny v. Nez Perces Co.*, 4 Idaho, 642, 43 Pac. 570; *Dalzell v. Superior Court*, 67 Cal. 453, 7 Pac. 910; *Coker v. Colusa County Superior Court*, 58 Cal. 177; *State v. Conkling*, 79 Iowa, 763, 44 N. W.

247; *Michel v. Michel,* 74 Iowa, 577, 38 N. W. 422; *Sawtelle v. Weymouth,* 14 Wash. 21, 43 Pac. 1101; *Goldstreet v. Newton,* 2 Dak. 39, 3 N. W. 311; *Bonds v. Hickman,* 29 Cal. 461; Hayne on New Trial and Appeal, sec. 210, and cases cited; *Robinson v. Temple Lodge No. 17,* 114 Cal. 41, 45 Pac. 998.) The respondent is a foreign corporation, a resident of North Dakota, and Forney, Smith & Moore were its resident attorneys of record in this action, and they were the only attorneys in this action on whom appellant could make service of the notice of appeal and comply with the statute so as to confer jurisdiction on this court. (Idaho Code, secs. 3999, 4000, 4889, 4892, 4893; Hayne on New Trial and Appeal, sec. 210; *Abrahams v. Stokes,* 39 Cal. 150.) The pretended service upon I. C. Hattabaugh, even if agent of respondent appointed under section 2653 of the code, is no service at all, because there is no law authorizing the service of anything on him but a process, and a notice of appeal is not a process, and is not a compliance with section 4893 of the code. (Idaho Code, sec. 16, subd. 6, p. 63, secs. 1870, 2653; *Abrahams v. Stokes,* 39 Cal. 150; Hayne on New Trial and Appeal, sec. 210.) We contend that the amendment did not change the original complaint or add a new cause of action, but only so shaped the complaint that the facts of the execution of the mortgage, as alleged in the original complaint, might be proved and the evidence of it put in legal form. The amendment related wholly to the evidence by which the execution of the mortgage should be established, and the defaulting defendants had no interest whatever in this as they were not disputing the facts, and it was a question wholly between the appellant and respondent. (*Banbury v. Arnold,* 91 Cal. 606, 27 Pac. 934-936; *Keys v. Phelan,* 19 Cal. 128; *Hutchinson v. Ainsworth,* 73 Cal. 452, 2 Am. St. Rep. 823, 15 Pac. 82; Idaho Code, secs. 4176, 4200; *Newmark v. Chapman,* 53 Cal. 557; *Frisbie v. Fogarty,* 34 Cal. 11.) The right of redemption had already expired as to all the defendants. West was among the defaulting defendants and was bound by the decree. (*Wilder v. Campbell,* 4 Idaho, 695, 43 Pac. 677; *Barnitz v. Beverly,* 163 U. S. 118, 16 Sup. Ct. Rep. 1042; *State v. Gilliam,* 18 Mont. 94, 44 Pac. 394, 45 Pac. 661; *Hardy v. Herriott,* 11 Wash. 460, 39 Pac. 958.) This is a collateral attack, and the regularity of the record and jurisdic-

tion will be presumed and cannot be questioned in a collateral attack when the decree or findings recite a service as in this case until lack of jurisdiction is affirmatively shown from the records, which is not done in this case. (Van Fleet on Collateral Attack, secs. 2, 3, 11, 17; *Lyons v. Roach,* 84 Cal. 27, 23 Pac. 1026; *Newman's Estate,* 75 Cal. 213, 7 Am. St. Rep. 146, 16 Pac. 887, 889; *Norton v. Atchison etc. Co.,* 97 Cal. 388, 33 Am. St. Rep. 198, 30 Pac. 585, 586, 32 Pac. 452; *Sichler* v. *Look,* 93 Cal. 600, 29 Pac. 220, 221.) It is the fact of service, not proof of it, that gives the court jurisdiction. (*Newman's Estate,* 75 Cal. 213, 7 Am. St. Rep. 146, 16 Pac. 887, 889; *Allison v. Thomas,* 72 Cal. 562, 1 Am. St. Rep. 89, 14 Pac. 309; *Sichler v. Look,* 93 Cal. 600, 29 Pac. 220-222.)

SULLIVAN, C. J.—This suit was brought to foreclose a mortgage on real estate, and prosecuted to judgment. The mortgaged premises were sold under a decree of foreclosure, and bid in by the mortgagee. After the period of redemption had expired, a sheriff's deed was duly executed, and thereafter possession of said premises was demanded, which the appellant, Thyrza C. McGregor, refused to grant. Thereupon the respondent applied for a writ of assistance, which application was resisted by the appellant. After a hearing, the court granted the writ. This appeal is from that order.

The respondent moves to dismiss the appeal, and specifies several grounds therefor, the first three of which are to the effect that the notice of appeal was not served on the parties the statute requires it to be served on. The record shows that Messrs. Forney, Smith & Moore, of Moscow, Idaho, were the resident attorneys of the respondent in the court below, and that, when the notice of appeal was about to be served on them, they stated that they had been discharged, and were no longer attorneys in the case. Thereupon the notice of appeal was sent by mail to the nonresident attorney at Spokane, Washington, and personally served on I. C. Hattabaugh, the duly appointed resident agent of the plaintiff corporation, on whom process might be legally served. The facts warrant us in holding that the service of the notice of appeal was sufficient, leaving out of consideration the fact that the respondent made general ap-

pearance in this court by submitting his brief on the merits of the case.

The fourth ground urged is that the appeal was not taken within sixty days after the entry of the order granting the writ of assistance. As a matter of fact, the order appealed from was entered or filed July 3, 1896, and the notice of appeal served on August 27, 1896, In the notice of appeal there appears a clerical error. The date "June 3d" appears for July 3d, But this mistake did not mislead the respondent, and is therefore immaterial. In this case there was but one order granting a writ of assistance, and that was filed July 3, 1896, and the record shows that that is the order appealed from.

The fifth and sixth grounds for dismissal have been examined, and we find no merit in them. The motion to dismiss must be denied, and it is so ordered.

The motions to strike the bill of exceptions and the transcript from the record have been carefully examined. The question of the proper service of them is raised, and we are disposed to hold that the motions to strike must be denied.

The answer of the appellant to the application for the writ of assistance sets forth her objections to the writ being granted. She attacks the judgment and decree of foreclosure, and avers the same to be void, for the reason that the court had "no jurisdiction to enter the same." In support of this contention, it is urged that an amended complaint was filed in the case, and that the same was not served on the appellant's codefendants; that said amended complaint was an amendment to the original complaint in matters of substance, and added an entirely new cause of action. It appears from the record that there was a defect in the certificate of acknowledgment to the mortgage, and the amendment to the complaint alleged that fact, and asked to have it corrected and made to conform to the facts. The other defendants had made default, and, as the amendment related to the evidence by which the execution of mortgage could be established, that was a question wholly between the appellant and respondent. The other defendants did not dispute the fact of the proper execution of said mortgage, and it was alleged that it was duly executed. The appellant, therefore, is not in a position to object for her code-

fendants, who were in default for want of an answer. Section 4176 of the Revised Statutes, requires a copy of an amended complaint to be served on "the defendants affected thereby." The amendment did not affect any of the defendants except the appellant, and it was not necessary to serve it on them.

The foreclosure of a mortgage and the reformation of a certificate of acknowledgment may be accomplished in the same suit when the complaint contains all necessary averments. Such foreclosure and reformation, upon proper allegations, may be demanded in a single cause of action. (*Hutchinson v. Ainsworth,* 73 Cal. 452, 2 Am. St. Rep. 823, 15 Pac. 82.)

The record as presented to this court affirmatively shows that the lower court had jurisdiction to enter the judgment and decree that was entered. Therefore the regularity of the proceedings and jurisdiction of the court below must be presumed by this court on this appeal. We find no error in the record, and the order appealed from must be affirmed.

Huston and Quarles, JJ., concur.