(No. 5471. December 4, 1930.)

KIRBY C. GLANCY and PEARL R. GLANCY, Appellants, v. EUGENE WILLIAMS and CLARA M. WILLIAMS, Respondents.

[293 Pac. 665.]

Rhodes & Estabrook, for Appellants.

T. A. Walters, for Respondents.

LEE, J.—On July 26, 1927, plaintiffs and appellants, Kirby C. Glancy and wife, entered into a written contract with Eugene Williams and wife, defendants and respondents, whereby the former agreed to sell the latter certain real property in Canyon county.

A dispute having arisen after the maturity of the first instalment, appellants brought this suit to reform the contract, alleging mutual mistake, and further demanding judgment for said instalment, together with certain interest. The cause was tried by the court without a jury, the court finding and concluding that the contract sued upon "expresses the true intention, meaning and purpose of the parties," and further finding that "the defendants have done and performed all things required of them to be done or performed under and by virtue of the contract." Judgment was entered in respondents' favor: hence this appeal.

Appellants attack most of the court's findings and conclusions, the main nub of their contention being that the in-

stant contract did not include the provisions of a former written agreement which provided that the sale was made "subject, however, to a water contract with the United States, the bonds and taxing power of the Boise-Kuna Irrigation District and all Highway District Bonds." This particular agreement entered into by the parties upon July .18, 1926, after reciting the provisions aforesaid, carried the further proviso that respondent, Williams, "shall pay all the taxes and water assessments from 1927 and thereafter."

The government contract referred to was dated March 20, 1926, and provided "that all construction and other water charges then due or thereafter to become due the United States were canceled, and that new assessments were to be made annually thereafter against the lands aforesaid." Pursuant to this contract, there was later funded under a fact finder's bill operation and maintenance charges for the years 1920 to 1924 in the sum of $327.48 and construction charges for the years 1920 to 1925 in the sum of $750.75, all of which charges had inchoately attached to the property before the parties entered into negotiations for the sale. These charges constitute the bone of contention here.

The contract sought to be reformed provides that the parties of the first part agree "to pay all taxes, dues, assessments, U. S. government construction charges and water rentals for the year 1926 and all preceding years," and that the parties of the second part "agree to pay all taxes, dues, assessments, U. S. government construction charges for irrigation and drainage and water rentals levied and assessed against said premises from and after the first day of January, 1927."

Appellants contend that it was the understanding and intent of the parties that respondents were to purchase the property subject to the government contract aforesaid, relieving the former from paying any of the refunded charges at all; that the attorney who drew the instant contract "entirely omitted" therefrom the specific provisions of the contract of July 18, 1926, and that all of the parties were

mutually mistaken as to the "legal consequences" of the contract at bar.

From evidence ofttimes sharply conflicting, the court found that the contract "was made according to the directions of the plaintiff Kirby C. Glancy and the defendants, and was carefully read and corrected before their signatures were affixed thereto." While the mere fact of having read an instrument is not conclusive against a party's claim of having misunderstood its terms, and does not preclude a court from finding that it was executed by mistake (*Sullivan v. Moorhead*, 99 Cal. 157, 33 Pac. 796), the instant contract so complete and unambiguous on its face coupled with the other evidence in the case fully warranted the court's finding that the parties did not agree as by appellants contended, and justified its conclusion that they were not entitled to a reformation.

The court found that respondents had done all they had contracted to do, ordered appellants to make and deliver them a deed to the property, and directed the clerk in event of appellants' default to execute and deliver it himself. The record sustains the finding. But appellants contend that the court had no power to order the clerk to make the deed, invoking the general rule that, in the absence of a statute expressly or impliedly authorizing it, a court of equity cannot empower anyone save the owner to make a deed. (C. S., sec. 6511, identical in substance with section 187 of the California Code of Civil Procedure, supplies this authority, the mother statute having been directly thus construed in *Scadden Flat Gold Min. Co. v. Scadden*, 121 Cal. 33, 53 Pac. 440, 444.

Judgment affirmed. Costs to respondents.

Givens, C. J., Varian and McNaughton, JJ., and Koelsch, D. J., concur.