[S. F. No. 10270. In Bank.—January 30, 1924]

## ALFRED L. MEYERSTEIN, Appellant, v. FRANK J. BURKE, Respondent.

[1] CONTRACTS — SALE OF LAND — REFORMATION—MISTAKE—CONFLICT-ING EVIDENCE.—In this action to reform a contract for the sale of land, on the ground of mistake in omitting a provision for the payment of interest on deferred installments of the purchase price, it is held that there is a conflict in the evidence, and that the findings may not be said to be unsupported.

[2] ID.—FINDINGS—MISTAKE.—In such a case, where the trial court found that no mutual mistake was made and that any mistake made by plaintiff was neither known to nor suspected by the defendant, the failure to find in the language of the complaint that the omission from the contract of the provision for interest was "inadvertently" made by plaintiff's secretary is not reversible error.

[3] ID.—MISTAKE OF ONE PARTY—REFORMATION.—In such a case, the court having found against the plaintiff on each theory of mistake as pleaded in the two separate counts of the complaint, it was not improper to find that the paper under attack was the agreement of the parties, even though one of the parties, or his agent, had made a mistake, as a contract cannot be reformed solely because one of the parties made a mistake.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jos. C. Meyerstein for Appellant.

John T. Williams and John D. Harloe for Respondent.

LENNON, J.—Further consideration of the record and the points made in this case satisfies us that the decision in the first instance of the district court of appeal as rendered by Mr. Justice Sturtevant is correct and we hereby adopt his opinion as follows:

"The plaintiff commenced an action against the defendant to obtain a judgment reforming a contract alleged to have been executed through the mistake of the parties. A trial was had before the court sitting without a jury, and there-

after a judgment was entered in favor of the defendant, and the plaintiff has appealed, bringing up a bill of exceptions.

"The contract in question is an executory contract for the purchase and sale of a house and lot known as parts of lots four, and five, block 2983, Claremont Court, San Francisco. It was the theory of the plaintiff that he sold to the defendant the house and lot for $7,000 and interest on unpaid installments at six per cent payable $1,000 in cash and the balance at the rate of $50 per month. On the other hand, it was the theory of the defendant that he purchased of the plaintiff the house and lot for both principal and interest totaling $7,000 payable $1,000 in cash and the balance at the rate of $50 per month. The language used in the contract as written was, 'Witnesseth: That the party of the first part hereby agrees to sell and the second party hereby agrees to buy, for the sum of seven thousand dollars ($7,000) payable as hereinafter provided; . . . that said purchase price of seven thousand dollars ($7,000) shall be payable . . . in the sum of fifty dollars ($50) on or before the 30th day of each and every month thereafter until the entire sum of seven thousand dollars ($7,000) is paid.' But according to the plaintiff's complaint, the language that should have been used is, 'That said purchase price of seven thousand dollars ($7,000) shall be payable . . . the sum of fifty dollars ($50) on or before the 30th day of each and every month thereafter, *including interest at six per cent on deferred payments* until the entire sum of seven thousand dollars ($7,000) is paid.' On the trial of the case each party introduced evidence both oral and documentary tending to support his theory. If there is a hopeless conflict in the testimony it is conceded that this court has no power to interfere. But the plaintiff earnestly contends that if we keep in view an accurately focused picture of the transaction, unblurred by nonessentials, that there is no conflict. [1] We have searched the entire record for that picture, but we are constrained to hold that on the evidence introduced there was a hopeless conflict in the testimony, and the findings of the trial court may not be said to be unsupported by the evidence.

"The plaintiff pleaded his cause of action in two counts. In the first count he pleaded that the mistake was mutual; in the second count he pleaded that the mistake was made

by him and that the defendant knew and suspected that the mistake was made. Otherwise the two counts are the same. The defendant denied the allegations of mistake contained in each count, and inserted some new matter by affirmative allegations. The court made findings in favor of the defendant on all issues except as hereinafter specially mentioned.

"In conducting the negotiations leading to the framing of the purported contract, two papers were executed and these papers were used by the parties as throwing light on the issues. One paper was signed by the broker, J. B. Ephraim, and the other paper is the formal contract which is the subject of controversy in the case. Of and concerning the latter paper, in each count of the complaint the plaintiff alleged: 'That the said actual agreement between the said parties as made on the 30th day of August, 1916, was reduced to writing by plaintiff's secretary, and that through an error of said plaintiff's secretary in reducing the said agreement to writing, said plaintiff's secretary having deleted certain words, viz.: "Together with interest on all unpaid installments from this day until paid, at the rate of six (6) per cent per annum, payable monthly" appearing in the printed form used by said secretary in reducing said agreement to writing, the said secretary inadvertently omitted to insert after the word "thereafter," as the same appears in the excerpt of said written agreement hereinabove, "including interest at six per cent (6%) on deferred payments."' In answering that paragraph of the plaintiff's complaint the defendant denied all of the allegations. In making its findings the trial court made a finding as follows: 'That the actual agreement between the said parties as made on the 30th day of August, 1916, was reduced to writing by plaintiff's secretary and said plaintiff's secretary did delete or strike from the printed form of contract used by said secretary in preparing said agreement and reducing it to writing, certain words, viz.: "Together with interest on all unpaid installments from this day until paid, at the rate of six per cent (6%) per annum, payable monthly," and that such deletion did result from the error and the negligence of plaintiff's secretary. The said secretary did negligently, omit to insert after the word "thereafter," as the same appears in paragraph II of plaintiff's complaint the words, "including interest at six per cent (6%) on deferred

payments." '   In his brief appellant contends that said find-
ing inadequately responds to the allegations of the complaint.
We think the contention is without merit.   True, the finding
is not couched in the identical words of the complaint.   But,
for all of the purposes of this case, the words 'inadvertently'
and 'negligently' may be said to be synonymous. (See
Century Dict.)   **[2]**   Moreover, if the finding of the trial
court had been made in the identical language of the com-
plaint, and the finding had been made in favor of the plain-
tiff, that fact alone would have been of *no* assistance to the
plaintiff.   The trial court found that no mutual mistake
was made and that any mistake made by the plaintiff was
neither known to nor suspected by, the defendant.   Under
these circumstances a failure to find on the issue in question
was not a reversible error.   (*Gates* v. *McLean,* 70 Cal. 42,
46 [11 Pac. 489].)

"In each count of his complaint the plaintiff inserted
a paragraph in which he alleged (1) the terms of the agree-
ment as actually made according to his theory, and (2) its
terms as it was written.   In the defendant's answer to each
of those paragraphs he inserted (1) a denial of the plain-
tiff's allegations, and (2) a traverse.   In making its find-
ings the trial court found in favor of the defendant and in
doing so found in favor of the traverse 'that the actual
agreement between the parties at the date of the execution
of said written agreement mentioned in said complaint is
identical with the agreement mentioned in paragraph I of
plaintiff's complaint.'   In making its findings as to count
one, the trial court wrote the same to the effect that the
plaintiff intended to insert the interest clause but that the
defendant did not.   In other words that the mistake was
not mutual.   In making its findings as to the second count
the trial court wrote the same to the effect that the plaintiff
made a mistake but that plaintiff's mistake was not known
to, nor suspected by, the defendant.   The appellant places
his finger on these findings and claims that the same are
contradictory.   The point is not well founded.   **[3]**   Having
found against the plaintiff on each theory of mistake as
pleaded in the separate counts of the complaint, it was not
improper that the trial court should find that the paper
under attack was the agreement of the parties.   This is so
even though it be a fact that one of the parties, or the agent

of one of the parties, had made a mistake; because, it will not be contended that a contract can be reformed solely because one of the parties made a mistake. Furthermore, the plaintiff had pleaded *in haec verba* the language of the contract as he claimed that it should have been worded. The defendant had answered the allegation with a denial and a traverse. The trial court found on both. In thus framing its findings the trial court committed no error.''

The judgment is affirmed.

Lawlor, J., Wilbur, C. J., Waste, J., Myers, J., Seawell, J., and Kerrigan, J., concurred.