[Civ. No. 10163.   Second Appellate District, Division Two.—May 24, 1935.]

HARRY BOYAJIAN et al,, Respondents, v. SAM BALIAN et al., Appellants.

Abe Richman, Thos. L. Nair and Elbert E. Hensley for Appellants.

Carlos S. Hardy and Henry Davidian for Respondents.

CRAIL, J.—This is an appeal from a judgment in favor of the plaintiffs in an action for damages for assault and battery and for exemplary damages. The plaintiffs had

called at the apartment of the defendants and while there the defendants ordered the plaintiffs to leave the premises. They left the apartment and had reached as far as the landing outside (assuming as true the evidence of the plaintiffs) when they were attacked by the defendants and badly beaten up from the fists of the defendants.

It is the first contention of the defendants that the plaintiffs are barred from recovering a judgment against the defendants because plaintiffs were trespassers for the reason that the plaintiffs refused to leave on being requested so to do, and that thereupon the defendants evicted them, using no more force than necessary to accomplish their purpose. It is our duty upon appeal, of course, to view the evidence in the light most favorable to the successful party in the trial court. Viewing the evidence in this light, the plaintiffs were not trespassers. The plaintiffs, on being requested to leave, proceeded to do so and were beaten while in the act of leaving, and finally, the force used by the defendants was more than reasonably necessary to remove the plaintiffs from the premises. The least that can be said is that there was a substantial conflict in the evidence on each of the above points which the jury resolved in favor of the plaintiffs.

The defendants' second contention is that there is no evidence whatsoever to justify a judgment against the defendant Sarah Balian. On the contrary, it is shown that she rushed down and got the other defendants, her brothers, to come to the scene of the action, and that during the assault and battery she directed the other defendants in a foreign language, and that in a feminine way she aided and abetted in the assault.

Defendants next contend that the court erred in giving an instruction with reference to exemplary damages. The complaint contained an allegation that by reason of the foregoing assault and battery the plaintiffs were entitled to exemplary damages. The case was tried in the superior court upon the theory that such damages were in issue. The plaintiffs say in their brief and it is undenied that the defendants submitted instructions based upon such an issue. Under the circumstances the defendants cannot be heard on appeal to say that the pleadings were not sufficient to warrant such an instruction.

■ The defendants next complain of an instruction following section 2047 of the Code of Civil Procedure to the effect that the law allows a witness to testify upon a writing made by himself or under his direction at the time when the fact occurred or immediately thereafter, but that such evidence must be received with caution. It will be observed in the above language there should have been inserted between the words "thereafter" and "but" the phrase, "though he retain no recollection of the particular facts". It appears, however, from reading the transcript that the witness Thompson, whom all parties concede was referred to in the instruction, testified wholly from his notes in a large number of instances. He had no recollection regarding much of his testimony, and the use which he made of his notes was not to refresh his memory, but his notes were themselves the basis of his testimony. The instruction as given does not purport to cover the permission given by the main part of section 2047 of the Code of Civil Procedure "to refresh his (the witness') memory respecting a fact" with his own writing, *et cetera.* It refers only and uses almost the very wording of the last portion of the statute where it refers to the very opposite situation than "to refresh", to wit, when he cannot be refreshed. It confines its own application to testimony given "from a writing" and not given to refresh a memory. Even a casual reading of the transcript reveals the fact clearly as to when the witness was using his writing to refresh his memory and when he was testifying from his writing independently of recollection. This must have been even clearer to the jury. Under the circumstances there was no error committed in this regard which would entitle the defendants to a reversal.

■ Finally the defendants contend that the damages were excessive, but we find against the defendants on this point also.

Judgment affirmed.

Stephens, P. J., and Fricke, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 19, 1935, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 22, 1935.