[Civ. No. 15931. Second Dist., Div. Three. Mar. 23, 1948.]

REUBEN BAINES et al., Respondents, v. RUDOLPH ZUIEBACK, Appellant.

Boone & Satchell for Appellant.

Newton M. Todd and Max Z. Wisot for Respondents.

VALLEE, J. pro tem.—Appeal by defendant from a judgment for plaintiffs in a suit to reform a sublease.

Plaintiffs are lessees under a written lease made July 24, 1941, for a term of 10 years from September 1, 1941, of improved real property in Long Beach. The lease provides for payment as rental of a sum "equal to seven percent (7%) on

all sales and business transacted (as hereinafter defined) by Lessees on the premises, plus seven percent (7%) of any and all rentals received by Lessees from their Sub-Lessees, if any. . . . ,'' with a minimum monthly rental of: $450 on October 1, 1941, and for 58 months thereafter; $500 on September 1, 1946, and for 58 months thereafter; and $1.00 on August 1, 1951.

The lease provides that the ''Lessees shall not have the right to assign the within lease, nor sublet the demised premises, in whole or in part, without first obtaining the written consent of the Lessor. The Lessor covenants and agrees that she will not unreasonably nor arbitrarily withhold such consent, it being understood that Lessor may withhold her consent in the event that the nature of the business of the proposed sub-leasee or assignee if of the type or types which will compete with Lessor's other tenants in said building, of which the demised premises is a part.''

About March 21, 1945, the plaintiffs and the defendant made an oral agreement whereby the plaintiffs agreed to sub-lease to defendant the street level portion of the premises covered by the original lease for a term of five years, seven months and thirty days, commencing January 1, 1946, and terminating August 30, 1951, and whereby the defendant agreed to pay the plaintiffs, either a sum equal to 7 per cent of all sales and business transacted on the part of the premises agreed to be sublet, or the full minimum rental provided in the original lease, whichever amount might be greater, and, in addition thereto, the defendant agreed to pay to the plaintiffs the sum of $300 per month for the first eight months and the sum of $250 a month for the remainder of the term of the sublease.

On March 21, 1945, the plaintiffs signed a sublease in writing to the defendant of the portion of the demised premises covered by the oral agreement, for a term of five years, seven months and thirty days, commencing January 1, 1946. The written sublease provided for the payment, as rental, of ''a sum equal to seven per-cent on all sales and business transacted (as defined in the Master Lease on said premises hereinafter more particularly mentioned) by sub-lessees on the premises, plus seven per-cent of any and all rentals received by the *sub*-lessee from his sub-lessee, if any . . . , '' with a minimum monthly rental of: $750 on February 1, 1946, and for six months thereafter; $750 on September 1, 1946, and for 58 months thereafter; and $1.00 on August 1, 1951.

On March 21, 1945, the original lessor consented in writing to the sublease of the part of the premises covered by the written sublease for a term commencing January 1, 1946, and expiring August 30, 1951, on the following conditions: (1) That the 7 per cent rental provided in the original lease should be computed on the basis of sales and business transacted by the sublessee in the sublet premises plus 7 per cent of any and all rentals received by the sublessors from the remaining portion of the demised premises; (2) that the sublease be expressly made subject to the master lease; and (3) that the original lessor be relieved of all further liability, if any, for interim repairs to the demised premises.

The complaint alleged, and the court found, that the sublease, as executed, did not truly express the intention of the parties and that it was executed by the mistake of the plaintiffs in that it did not provide that the defendant pay to the plaintiffs either a sum equal to 7 per cent of all sales and business transacted on the sublet part of the premises, or the full minimum rental provided in the original lease, whichever amount might be greater, and, in addition thereto, that the defendant pay to the plaintiffs the sum of $300 per month for the first eight months and the sum of $250 per month for the remainder of the term of the sublease.

The court further found that the mistake was known by the defendant at the time of the execution of the sublease and was not known by the plaintiffs, that the defendant failed to inform the plaintiffs of the mistake or to make it known to them, and that the plaintiffs would not have entered into the sublease if they had known that it did not contain the rental provisions provided for in the oral agreement.

The judgment reformed the sublease in conformity with the findings and awarded the plaintiffs $1,800, or $300 a month due under the reformed sublease for the six months prior to September, 1946, and decreed that the defendant should account to the plaintiffs for any rental due under the sublease, as reformed, for the month of August, 1946, and each subsequent month of the term of the sublease. Defendant appealed from the judgment.

Appellant asserts: (1) That there was no clear and convincing evidence of mistake known but undisclosed, and that there was evidence that respondents knew and comprehended the questioned provisions of the sublease at the time it was signed by them; (2) that mistake of one of the parties alone

is not sufficient grounds for reformation; (3) that the court should not revise the sublease without first having made the original lessor a party to the action.

In view of appellant's contentions, it is not necessary to recite the evidence. Suffice it to say, the evidence supports the findings in all particulars. Appellant's first point resolves itself into a concession that there is evidence of mistake known to appellant but not disclosed to respondents but that such evidence is not clear and convincing. Appellant overlooks the principle of law that the power of a reviewing court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the findings of the trial court. (*Crawford* v. *Southern Pacific Co.,* 3 Cal.2d 427, 429 [45 P.2d 183].) The principle is as applicable in a case to which the rule of clear and convincing proof applies as it is in other cases. The statement found in many cases that to establish a particular fact the evidence must be clear and convincing is a rule of evidence directed to the trial courts. (*Ward* v. *Waterman,* 85 Cal. 488, 503 [24 P. 930]; *Brison* v. *Brison,* 90 Cal. 323, 334 [27 P. 186]; *Mahoney* v. *Bostwick,* 96 Cal. 53, 58 [30 P. 1020, 31 Am.St.Rep. 175]; *Sullivan* v. *Moorhead,* 99 Cal. 157, 161 [33 P. 796]; *Sherman* v. *Sandell,* 106 Cal. 373, 375 [39 P. 797]; *Ford* v. *Ford,* 44 Cal.App. 415, 418 [186 P.164]; *Alvarez* v. *Ritter,* 67 Cal.App.2d 574, 577 [155 P.2d 83]; *Bisno* v. *Herzberg,* 75 Cal.App.2d 235, 237 [170 P.2d 973]. Cf. *Hobart* v. *Hobart Estate Co.,* 26 Cal.2d 412, 445 [159 P.2d 958].) Whether the evidence is clear and convincing must be determined by the trial court and this court must accept that determination as conclusive if there is substantial evidence to support it. (*Beeler* v. *American Trust Co.,* 24 Cal.2d 1, 7 [147 P.2d 583]; *Stromerson* v. *Averill,* 22 Cal.2d 808, 815 [141 P.2d 732]; *Couts* v. *Winston,* 153 Cal. 686, 688 [96 P. 357].) As stated in *Sullivan* v. *Moorhead, supra,* (p. 161): "Although the rule is that, in order to justify a court in decreeing the reformation of an instrument on the ground of a mistake, the proof of the mistake must be clear, convincing, and satisfactory to the court, yet a mere conflict of testimony as to the mistake does not necessitate a denial of the relief (*Hutchinson* v. *Ainsworth,* 73 Cal. 452, [15 P. 82, 2 Am.St.Rep. 823]; *Wilson* v. *Moriarty,* 88 Cal. [207,] 211 [26 P. 85]); and the decision of the trial court upon such conflict of evidence is conclusive upon this court. (*Brison* v. *Brison,* 90 Cal. [323,] 334 [27 P. 186].)"

■ The evidence established: That before the written sublease was signed by the parties they orally agreed that appellant was to pay respondents, as rental, $300 per month for the first eight months and $250 a month for the next five years over and above 7 per cent of sales, or the minimum fixed rental which the original lease required respondents to pay their lessor, whichever amount might be greater; that a mistake was made by the attorney who drew the written sublease in not incorporating the rental provisions of the oral agreement in the written sublease; that appellant knew of the mistake and knew that the written sublease did not embody the rental provisions of the oral agreement; that respondents did not read the sublease before signing it, because appellant was hurrying them and because they relied upon the attorney who drew the instrument; that respondents signed the sublease thinking that it incorporated all of the terms of the oral agreement; that respondents would not have signed the sublease had they known that it did not contain the rental provisions orally agreed to; that appellant did not take possession of the sublet premises until January 21, 1946; that respondents did not discover the mistake until April 13, 1946, when they immediately made demand upon appellant for its correction; that the sublease, as written, did not net respondents anything over and above what they were obligated to pay their lessor under the terms of the lease of July 24, 1941. It was for the trial court to say whether this evidence was clear and convincing.

■ Appellant next says that mistake of one of the parties alone is not sufficient ground for reformation. Respondents, as they must, concede that this is a correct statement of the law. (Civ. Code. § 3399; *Meyerstein* v. *Burke*, 193 Cal. 105, 108 [222 P. 810]; *National Auto I. Co.* v. *Industrial Acc. Com.*, 27 Cal.App.2d 225, 227 [80 P.2d 1024].) Respondents' answer is that the trial court found that the sublease was executed by respondents by mistake in that they believed that it embodied the terms of the oral agreement; that the mistake was known to appellant; that this is sufficient under the law to support a decree of reformation.

Civil Code, section 3399 provides: "When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised, ... "

In *Wilson* v. *Moriarty,* 88 Cal. 207 [26 P. 85], where the facts were almost identical with those here, the court said (p. 212) : ''The only fraud necessary to sustain the judgment is such as may be inferred from the failure of the defendant to correct the mistake of the plaintiff, known to or suspected by the former at the time of the execution of the lease. This is all that is required by section 3399 of the Civil Code. (*Higgins* v. *Parsons,* 65 Cal. 280 [3 P. 881] ; *Cleghorn* v. *Zumwalt,* 83 Cal. 155 [23 P. 294].)'' (See anno., 26 A.L.R. 492.)

Whether appellant knew or suspected respondents' mistake was not susceptible of direct proof, except by the testimony of appellant. The mistake of respondents was clearly established. The circumstances and appellant's own testimony tended to prove that he ''knew or suspected'' it. The evidence showed that appellant approached respondents in an effort to acquire their store; that appellant knew the terms of the original lease; that respondents orally agreed to sublease to appellant at a rental of $300 per month for the first eight months and $250 per month for the next five years over and above what they, respondents, were required to pay under the original lease; that appellant orally accepted the offer; that respondents, in the presence of appellant, told the attorney who drew the sublease the terms of the oral agreement to be embodied in the writing; that appellant stated that that was the agreement; that appellant read the written sublease after it was typed and before it was signed by respondents; that when respondents discovered the mistake, the attorney who had drawn the instrument for them approached appellant in an effort to get him to rectify the mistake; that appellant did not then deny that a ''horrible mistake'' had been made, or that respondents were supposed to make a profit as a result of the sublease, or that, as the sublease had been written, respondents were not going to make any profit. Appellant testified that he read and understood the sublease before he signed it. This evidence is sufficient to support the finding that the mistake was known by the defendant at the time of the execution of the sublease.

Appellant argues that respondents did not read the sublease; that respondent Reuben Baines is a business man of many years' experience; that if the sublease did not express respondents' intention it was due to his negligence and that the maxim, ''Where one of two innocent persons must suffer by the act of a third, he, by whose negligence it

happened, must be the sufferer'' (Civ. Code, § 3543), applies and precludes reformation. The argument is without merit. Negligence in not reading the instrument before signing is not a bar to reformation. (*California Packing Corp.* v. *Larsen,* 187 Cal. 610, 614 [203 P. 102]; *Travelli* v. *Bowman,* 150 Cal. 587, 591 [89 P. 347]; *Payne* v. *California Union Fire Insurance Co.,* 129 Cal.App. 582, 587 [19 P.2d 40]; *Hercules Gasoline Co.* v. *Security Ins. Co.,* 122 Cal.App. 499, 503 [10 P.2d 128]; *Cantlay* v. *Olds & Stoller Inter-Exch.,* 119 Cal.App. 605, 619 [7 P.2d 395]; 5 Williston on Contracts, 4340, § 1548, n. 6; anno., 45 A.L.R. 700, 703.)

 Appellant's final contention is that the sublease should not be reformed because the original lessor is not a party to the action. At the close of the case, after all of the testimony was in, appellant moved the court for an order that the original lessor be joined as a party. The motion was denied. Appellant argues that reformation, without first having obtained the written consent of the original lessor, interferes with, is prejudicial to, and breaches her contractual rights, and that reformation should not be decreed without giving her an opportunity to be heard and to protect her rights. Appellant does not refer us to any direct authority upon the point.

The evidence established that before the sublease was signed, the original lessor and her attorney were fully advised of the terms of the oral agreement between the parties to the sublease. Under the original lease the lessor receives 7 per cent of the rents collected by respondents from subtenants. Under the sublease she receives 7 per cent of the gross sales made by appellant. As we have stated, the original lessor consented in writing to a sublease to appellant subject to the conditions imposed. These conditions were in the sublease before it was reformed. The decree of reformation does not affect the conditions imposed by the lessor.

 Appellant says that Civil Code, section 3399 permits reformation only ''so far as it can be done without prejudice to rights acquired by third persons in good faith and for value.'' The rights referred to are rights acquired by a bona fide purchaser for value from one of the parties to the instrument sought to be reformed after the execution of the instrument. (Cf., *Dabney-Johnston Oil Corp.* v. *Walden,* 4 Cal.2d 637, 648 [52 P.2d 237]; *Mountain Club* v. *Pinney,* 67 Cal.App. 225, 234 [227 P. 630]; *Tomas* v. *Vaughn,* 63 Cal. App.2d 188, 194 [146 P.2d 499]; *Black* v. *Richfield Oil Corp.,*

41 F.Supp. 988, 995. See, anno.: 44 A.L.R. 78; 102 A.L.R. 825.) The rights of the original lessor were not acquired under the sublease.

 Code of Civil Procedure, section 389 provides: "The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must then order them to be brought in, . . ."

It is only when a complete determination of the controversy cannot be had without the "presence" of a party that the court "must" order him brought in. The general rule is that the court will not order a new party defendant brought in unless the presence of the new party is necessary to the determination of the action. (*East Riverside Etc. Dist.* v. *Holcomb*, 126 Cal. 315, 320 [58 P. 817] ; *Ambassador Petroleum Co.* v. *Superior Court*, 208 Cal. 667, 673 [284 P. 445].)

In support of his contention in this behalf, appellant cites *O'Connor* v. *Irvine*, 74 Cal. 435 [16 P. 236], and *Wilson* v. *Shea*, 194 Cal. 653 [229 P. 945]. Neither case bears upon the question. The O'Connor case was a suit to have a trust declared. The plaintiff did not join one of the beneficiaries of the alleged trust as a party to the action. The decree of the trial court adjudged that the plaintiff was trustee of property of the unnamed beneficiary. The decree was reversed because generally "in suits between *cestui que trust* and trustees all the parties interested should be before the court" and a complete determination of the controversy could not be had without prejudice to the rights of the beneficiary who was not a party to the suit. The distinction between that case and this is obvious. The Wilson case was a suit for reformation. The written contract was between Brown and several defendants. Wilson, the plaintiff, sued, alleging that Brown was his undisclosed agent. He did not join Brown as a party to the suit. As one reason for denying reformation, the court held that Brown should have been joined as a party. The court said (p. 658): "C. N. Brown, although he appears on the face of said contract to be one of the principals thereto and to be the only party in fact with whom the written engagements of the defendants were made, is not made a party to this action wherein the plaintiff seeks to have his own name inserted and his own alleged rights and interests substituted for the name and rights and interests and obligations of said C. N. Brown

as stated therein.'' In the present case the original lessor was not a party to the sublease.

*Buck Auto Carriage & Implement Co.* v. *Tietge,* 174 Iowa 103 [156 N.W. 313, 315], was a suit to reform a written assignment by a lessee of a lease. The assignee agreed to pay the rental provided by the lease and a monthly bonus to the lessee assignor. The lessee assignor brought the suit. Hubbell, the original lessor, was not joined as a party. The assignee-defendant contended that reformation of the assignment could not be had without Hubbell being joined as a party. The court held (p. 315): ''The controversy as to the reformation of the assignment is between the plaintiff and defendant, and we think can be adjudicated without prejudice to the rights of Hubbell. The Hubbells had the right to receive a monthly rent of $138.33, and this was paid by plaintiff while it held the lease. Mr. Tietge agreed to pay it from April 1, 1910, and has done so. Neither plaintiff nor defendant are seeking any rescission of their contract, but plaintiff is seeking an enforcement of the real contract. But, preliminary thereto, it asks a reformation. We think the trial court had the power to render the decree without the Hubbells being in court.'' (Cf., *Ward* v. *Waterman,* 85 Cal. 488, 500 [24 P. 930].)

A complete determination of the controversy can be had without the presence of the original lessor. The controversy as to reformation of the sublease is solely between respondents and appellant. It is only the persons whose interest in the subject matter will be affected by the decree, who are indispensable parties. (22 Cal.Jur. § 9, p. 720; *Cantlay* v. *Olds & Stoller Inter-Exch.,* 119 Cal.App. 605, 617 [7 P.2d 395].) The original lessor is not affected or prejudiced in any way by the decree. Hence, she is not an indispensable party to a determination of the issues between the respondents and appellant. Furthermore, defendant did not raise the question of a defect in parties defendant by demurrer or answer, and must be deemed to have waived the objection. (20 Cal.Jur. 576.)

Judgment affirmed.

Shinn, Acting P. J., and Wood, J., concurred.

A petition for a rehearing was denied April 20, 1948, and opinion was modified to read as above.