[Civ. No. 17293.   Second Dist., Div. Three.   May 24, 1950.]

WILLIAM F. RIESENBERG, Respondent, v. RENEE F. RIESENBERG, Appellant.

Louis Naiditch for Appellant.

Arthur A. Jones for Respondent.

VALLÉE, J.—Appeal by defendant from an interlocutory judgment of divorce granted plaintiff.

At the time the parties married, plaintiff husband owned real and personal property of the value of about $26,400; defendant wife owned personal property consisting of stocks and bonds of the value of about $5,000. Shortly thereafter plaintiff transferred most of his separate property to defendant and himself as joint tenants, and defendant transferred her separate property to plaintiff and herself as joint tenants. During their married life the parties deposited income from the properties in joint tenancy bank accounts, and bonds purchased were issued in joint tenancy. After the parties separated and shortly prior to the beginning of this action, plaintiff transferred and delivered to defendant stocks and bonds of the value of $5,000. After the separation he withdrew money from joint tenancy bank accounts and opened accounts in his name alone.

The court found that certain of the property standing in joint tenancy and the bank accounts which plaintiff had transferred from joint tenancy into his name were his separate property; that the household furniture and furnishings, with minor exceptions, were the separate property of the wife; that bonds of the face value of $1,100 were community property and should be divided one-half to each party; and that the stocks and bonds of the value of $5,000 transferred by plaintiff to defendant after the separation were her separate property. The judgment awarded the property accordingly. Defendant contends the evidence does not support the findings that the property standing in joint tenancy and the bank accounts which plaintiff transferred from joint tenancy to his name alone are the separate property of plaintiff.

Plaintiff testified that about 30 days after the parties married defendant suggested it was customary to put property in joint tenancy for the principal reason that in the event of his death she would acquire the property and not have to pay inheritance taxes; that he said "this" was his separate property and he would agree to putting it in joint tenancy only if it remained his separate property and on demand she would reconvey it to him; he said he would do the same thing

and reconvey her separate property. Plaintiff testified further that on each occasion an item of property was transferred in joint tenancy, the parties orally agreed that property which was the separate property of either should remain such; that it was transferred in joint tenancy "as a convenience only"; and that on demand of either party his or her separate property would be reconveyed. This evidence is sufficient to support the findings attacked. (*Huber* v. *Huber,* 27 Cal.2d 784 [167 P.2d 708]; *LaMar* v. *LaMar,* 30 Cal.2d 898, 903 [186 P.2d 678]; *Swallers* v. *Swallers,* 89 Cal.App.2d 458 [201 P.2d 23]; *Bassi* v. *Bassi,* 89 Cal.App.2d 886 [202 P.2d 96]; *Hopkins* v. *Detrick, ante,* pp. 50, 55 [217 P.2d 78]; *cf., Sears* v. *Rule,* 27 Cal.2d 131, 142 [163 P.2d 443]; *Rogers* v. *Rogers,* 86 Cal.App.2d 817, 820 [195 P.2d 890].)

█ Defendant argues that the testimony of plaintiff with respect to the agreement was not clear and convincing, and that it was dispelled by his oral and written declarations and conduct indicating that at all times he considered he and defendant were the owners of the property as joint tenants. "The rule that to establish a particular fact the evidence must be clear and convincing is directed to the trial courts. Whether the evidence is clear and convincing must be determined by the trial court and a reviewing court must accept that determination as conclusive if there is substantial evidence to support it. (*Baines* v. *Zuieback,* 84 Cal.App.2d 483, 488 [191 P.2d 67].)" (*Trancoso* v. *Trancoso,* 96 Cal.App.2d 797, 799 [216 P.2d 172].) The evidence which defendant asserts dispelled the testimony of plaintiff as to the agreement did nothing more than create a conflict which the trial court resolved against her.

What defendant asks, in effect, is that we try the case *de novo* on the record, reject nearly all of the findings of the trial court, and substitute contrary findings of our own. There is much evidence which would have supported contrary findings. That the trier of fact rejected that evidence does not impeach the soundness of his conclusions. Defendant has failed to establish any greater grievance here than she might in any case where the evidence would support a conclusion either way but where the trial court has decided it to weigh more heavily for the opposite party. Such a choice between two permissible views of the weight of the evidence is not error.

Affirmed.

Shinn, P. J., and Wood, J., concurred.