### In re McNAIR & RYAN.
### No. 47487.

United States District Court
S. D. California, C. D.
Jan. 31, 1951.

J. Robert Maddox, Los Angeles, Cal., for petitioner.

Russell B. Seymour, Los Angeles, Cal., for trustee.

YANKWICH, District Judge.

The Review of the Order of the Referee, dated May 8, 1950, relating to the claims of Ruth McNair, heretofore argued and submitted, is now decided as follows:

(1) The said Order of the Referee is hereby affirmed.

(2) The Court, however, finds that the portion of Finding 2 reading: " * * * in order to evade an agreement with the husband's partner not to engage in a business competitive to the business of the bankrupt." is unsupported by the evidence.

(3) The Minute Order, dated October 23, 1950, is hereby ordered vacated.

Comment.

The Referee allowed a general claim of Ruth McNair, wife of one of the partners, for $2500, alleged to have been loaned to the partnership out of her separate funds, but subordinated it to the claims of the other creditors. On review, the Order was affirmed in open court. However, disagreement as to the scope of the decision made on October 23, 1950, made it necessary to reopen the matter for further argument. Since such reargument, I have re-examined the entire record, including the transcript of the testimony given before the Referee. And I am of the view that the Minute Order of October 23, 1950, was incorrect insofar as it provided for the elimination from the Order of the Referee of the clause reading: " * * * but with rank inferior to that of other creditors of the partnership and any payment thereon shall be made only if and when other general creditors have first been paid in full."

What the Court had in mind,—*as the notation made on the documents at the time show,*—was the elimination of the clause quoted above from Finding 2, which, in its entirety, read: "That said sum of $1500.00 was a portion of the proceeds of the sale of another business standing in the name of the claimant which had been placed in her name by the husband, and with knowledge of the wife, in order to evade an agreement with the husband's partner not to engage in a business competitive to the business of the bankrupt."

This was a finding of fraud. And the Court felt, and still feels, that the evidence showed clearly that the establishment in the wife's name of the business at Westwood was disclosed by McNair to his partner, Ryan, who raised no objection after he was assured that, because of its location, it would not be in competition with the business conducted by the partnership. There was complete acquiescence by the partner. And no objection was made thereafter.

However, this conclusion does not require that the Order of the Referee subordinating the claim of $2500,—moneys advanced by the claimant to the partnership, —to a rank inferior to that of the general creditors, be disturbed. For that subordination is bottomed on the finding that the funds advanced by Mrs. McNair were community funds and not her separate property. The evidence in the case warrants the conclusion stated by the Referee at the time of the hearing, that the mere use of the joint account from which the $1500 advance came, and the existence of the wife's separate account from which the sum of $1000 was drawn, did not indicate the clear understanding required by California law that the moneys derived from the earnings and business activities of the wife shall be considered separate property. At the hearing, the Referee properly gauged the facts when he said: "There has to be such an understanding to divide their estate and thereafter to hold the separate earnings of each, and there must be a clear distinct contract. It cannot be just some sort of a nebulous understanding, 'I do not have any interest in my wife's earnings.'"

Further consideration confirmed this conclusion which the Referee embodied in two specific findings. In one, he found that the business conducted by the wife, from the sale of which the $1500 advanced was derived, was community property, and that it was not the intention of the claimant or her husband that the business should be the separate property of the claimant.

As to the $1000 item, the Referee found specifically: "That the deposits and withdrawals in said bank account were made by the claimant and her husband without regard to source or ownership. That it was not the intention of said claimant or her husband that said funds should be the separate property of the claimant. That said funds were community property."

■ The Referee, who heard the witnesses, is entitled to draw his own inferences, even from uncontradicted testimony.

Rule 52(a), Fed.Rules Civ.Proc. 28 U.S. C.A.; Grace Bros. v. Commissioner of Internal Revenue, 9 Cir., 1949, 173 F.2d 170, 174, 177–178; Pacific Portland Cement Co. v. Food Machinery & Chemical Corporation, 9 Cir., 1950, 178 F.2d 541, 548, 552-553. And he was correct in drawing the conclusion that the testimony of the claimant and her husband as to the alleged agreement, far from being clear and convincing, Baines v. Zuieback, 1948, 84 Cal. App.2d 483, 488, 191 P.2d 67, was "too hazy" to satisfy the requirements of California law. The law of California encourages agreements between husband and wife relating to property or changing its character. California Civil Code, §§ 158–161a. Federal courts, when confronted with such contracts, have given them full scope. See, Helvering v. Hickman, 9 Cir., 1934, 70 F. 2d 985; Johnson v. United States, 9 Cir., 1943, 135 F.2d 125; United States v. Pierotti, 9 Cir., 1946, 154 F.2d 758, 762; and see, my opinion in Strich v. Westover, D. C.Cal.1948, 87 F.Supp. 40, 42. But neither the use of a joint tenancy form for one account or the placing of the earnings of each in separate accounts is sufficient to establish the separate character of property when there is no showing of a definite understanding that the character of the property should thereby be changed, and where, as here, it is shown that, despite the manner in which the accounts were kept by the spouses, the moneys were used "for their common needs". Estate of Piatt, 1947, 81 Cal.App.2d 348, 351, 183 P.2d 919, 921, and see, Sears v. Rule, 1945, 27 Cal.2d 131, 143, 163 P.2d 443; Huber v. Huber, 1946, 27 Cal.2d 784, 788–790, 167 P.2d 708; Such arrangements are for convenience only. Riesenberg v. Riesenberg, 1950, 97 Cal.App.2d ——, 218 P.2d 577. These principles are especially applicable when it is sought to establish the separate character of a wife's property, not between herself and her husband in an action against each other, but between the wife and her husband's creditors.

Hence the ruling above made.