[Civ. No. 18215. Second Dist., Div. Three. Aug. 17, 1951.]

MYRON SHEWARD, Respondent, v. HARRY MAGIT, Appellant.

[Civ. No. 18216. Second Dist., Div. Three. Aug. 17, 1951.]

NATHAN MAGIT, a Minor, etc., Appellant, v. MYRON SHEWARD, Respondent.

164

Feinfeld & Feinfeld and J. L. Feinfeld for Appellants.

Chase, Rotchford, Downen & Drukker and Henry A. Schultz for Respondent.

VALLÉE, J.—These are appeals from judgments in two actions. They were consolidated for trial below, tried by the court without a jury, are submitted here on one set of briefs, and will be determined in one opinion.

In 18215 Myron Sheward sued Harry Magit to recover dam-

ages for an alleged assault and battery. Judgment was rendered in his favor for $3,525 compensatory, and $1,000 exemplary, damages. Harry Magit appealed.

In 18216 Nathan Magit, son of Harry Magit, sued Myron Sheward to recover damages for an alleged assault and battery. Judgment was rendered in favor of Sheward. Nathan Magit appealed.

Viewed in the light most favorable to respondent, the facts are these.

Sheward and his family, including his son Terry, 8½ years old, lived at 1017 North Croft Avenue, Los Angeles. Harry Magit and his family, including his sons Nathan, 11 years old, and Michael, lived diagonally across the street at 1000 North Croft Avenue. The incidents to be related occurred about 7 p.m. on July 21, 1948, on the premises of Sheward. Terry, Nathan, Michael, and other boys were playing a game called "King of the Mountain" on the front lawn. Terry had a fractured arm at the time. The game was very rough; the children pushed and tackled each other. Sheward was working on his car at the curb in front of the house. Michael began crying, which attracted Sheward's attention. He saw Nathan strike Terry on the upper arm and shoulder, knocking him down in some bushes away from where the rest of the boys were playing. He told the boys to stop the game. He walked over to Nathan and Terry and said to them, "All right. Let's break this up. That is enough. This is it." He pushed the boys aside by putting "both hands out with the palms of the hands upward and pushed them aside." At the time Nathan was balanced on one knee but did not fall to the ground. He went home.

When Nathan arrived home he was met by his father Harry Magit. He told his father that he had been hit by a man in a green sweater. Harry Magit immediately ran across the street. He was mad. He went up to Sheward, mumbled something, and struck him several times with his (Harry Magit's) fist on the right cheek bone, causing him great pain in his eye. At the time he was struck, Sheward's arms were at his sides and his hands were open. He sustained three fractures in the right side of his face, which were repaired by open reduction. The lower eyelid was black and blue. He wore a bandage on his face and head for some time, and suffered severe pain for several weeks. As a result of his injuries Sheward lost about $500 in earnings. His medical expenses were $525.

Appellants first claim that the findings are not supported by the evidence. The claim is untenable. The cause is argued to us as it should have been, and no doubt was, argued to the trial judge. ■ We are impelled to repeat what we said in *Guardianship of Walsh*, 100 Cal.App.2d 194, 199 [223 P.2d 322]: ''We may not reject the findings of the trial court and substitute contrary findings. There is evidence that would have supported contrary findings. That the trier of fact rejected that evidence does not impeach the soundness of his conclusions. We do not have the opportunity of seeing and hearing the parties and the witnesses or of applying any of the tests by which the propriety of . . . [deciding the facts one way or the other] may be determined. ■ Appellant 'has failed to establish any greater grievance here than she might in any case where the evidence would support a conclusion either way but where the trial court has decided it to weigh more heavily for the opposite party. Such a choice between two permissible views of the weight of the evidence is not error.' (*Riesenberg* v. *Riesenberg*, 97 Cal.App.2d 714, 716 [218 P.2d 577].)''

The assault and battery by Harry Magit was without provocation and was wilful. Separating the boys with his hand did not necessarily constitute an assault or battery on the part of Sheward. ■ A father who goes to the assistance of his 8½-year-old son who has a fractured arm and is being assaulted by an older boy, and who uses no more force than is necessary to prevent further assault, is acting within his legal rights. (Civ. Code, § 50; Rest., Torts, 162, § 76. See *Ward* v. *De Martini*, 108 Cal.App. 745 [292 P. 192]; *Martin* v. *Costa*, 140 Cal.App. 494, 499 [35 P.2d 362].)

Appellants argue that the findings and judgment ''were not based on the evidence alone, but appear to be founded on passion and prejudice.'' ■ Passion or prejudice is not a necessary consequence of disbelief of the testimony of a witness or of an adverse ruling· or decision. Examination of the record discloses that the learned trial judge was singularly courteous, temperate, attentive, patient, and impartial. At no time did he exhibit the slightest passion or prejudice. ■ It is next claimed that the awards of compensatory and exemplary damages were excessive. Two thousand five hundred dollars was awarded for general damages, $500 for loss of earnings, $525 for medical expenses, and $1,000 exemplary damages. ■ A reviewing court may not interfere with an award of damages unless the amount is so outrageously ex-

cessive as to suggest, at first blush, passion or prejudice. (*Hicks* v. *Ocean Shore Railroad, Inc.*, 18 Cal.2d 773, 785 [117 P.2d 850].) No such showing is made here. ■ The award of compensatory damages appears to be reasonable. ■ The court found that the assault and battery by Harry Magit on Sheward was wilful and malicious. The evidence supports the finding. (*Morgan* v. *French*, 70 Cal.App.2d 785, 790 [161 P.2d 800].) In an action for breach of an obligation not arising from contract when the defendant has been guilty of oppression, or malice, express or implied, the "plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." (Civ. Code, § 3294.) ■ As a rule, the granting or withholding of exemplary damages is wholly within the discretion of the trier of fact. (8 Cal.Jur. 866, § 109. ■ Its discretion is limited by the rule that exemplary damages should bear a reasonable relation to the actual damages. (*Brewer* v. *Second Baptist Church*, 32 Cal.2d 791, 801 [197 P.2d 713].) ■ However, there is no fixed ratio by which to determine the proportion between the two classes of damages. (*Finney* v. *Lockhart*, 35 Cal.2d 161, 164 [217 P.2d 19].) ■ In the present case it is apparent that the relation is reasonable and that there was no abuse of discretion in making the award.

The appeals are wholly without merit.

The judgment in each action is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.