[Civ. No. 5320. Fourth Dist. Apr. 9, 1956.]

RUBEN MENDOZA et al., Respondents, v. HARRY ADAM RUDOLF et al., Appellants.

Stutsman, Hackett & Nagel and William B. Boone for Appellants.

Lewis W. Boies, Jr., and L. Kenneth Say for Respondents.

MUSSELL, J.—This is an action for personal injuries and property damage resulting from an intersection collision between two automobiles, a Ford coupé being operated by defendant Henry Rudolf (and owned by his father) and an Oldsmobile owned and operated by plaintiff Ruben Mendoza.

Plaintiff Henry Mendoza, a minor, 17 years of age, was riding in the front seat of the Oldsmobile with his brother, Ruben, on September 3, 1954, at about 7 a. m., when the accident happened and both plaintiffs sustained personal injuries. A jury trial was had in which a verdict was returned for plaintiffs, assessing the damages as $735.90 for Ruben Mendoza and $385.90 for Henry Mendoza. Ruben moved for a new trial on the statutory grounds and inadequacy of the damages awarded, and Henry moved for a new trial on the sole ground of the insufficiency of the evidence to justify the verdict in that the amount awarded by the jury was not in conformity with the evidence and was inadequate. Ruben's motion was granted as to all issues in the case and Henry's was granted on the issue of damages alone. Both motions were granted on the ground of the insufficiency of the evidence to justify the verdict. The cause was then tried without a jury and the court ordered judgment against the defendants in favor of the plaintiffs. Ruben was awarded $939 special damages and general damages of $7,500. Henry was awarded special damages of $712.90 and general damages in the sum of $6,250. These judgments were limited as to defendant Henry Adam Rudolf to $5,250

for Ruben and $5,000 for Henry pursuant to section 402, subdivision (b) of the Vehicle Code.

Defendants appeal from the judgment and their first contention is that the amount of general damages allowed is so grossly disproportionate to any compensation which could be reasonably awarded as to shock the sense of justice.

The record shows that plaintiff Ruben Mendoza was taken to the Fresno County Hospital immediately after the accident. It was found he was suffering from cerebral concussion, multiple contusions, fracture of the tenth and eleventh ribs on the right side and contusion of the right kidney. He was hospitalized for a period of 13 days and at the time of his discharge on September 16, 1954, he had not recovered from his injuries. He testified at the trial that he had a cut and lump on the right side of his head behind the ear and still had the mark there; that he was suffering from loss of memory; that his kidney and ribs bothered him all the time, and he had shooting pains in his back; that he was unable to hold any position because his kidney bothered him; that he had to get up four or five times during the night, and had dizzy spells. The record shows that during the course of his treatment for contusion of the right kidney it became necessary for a catheter to be inserted in his bladder and that apparently this painful treatment was necessary for a period of some 10 days. In addition, an examination was conducted on him by the use of a cystoscope. When questioned about this treatment and examination he "broke down in tears."

Plaintiff Henry Mendoza was also taken to the hospital and was suffering from multiple contusions and abrasions involving his head, chest, right arm, right leg and sensitivity in the right hip region. He apparently was suffering from a partial paralysis of the right arm and leg and the right side of his face. The medical testimony was that he had suffered a severe contusion of the brain and a spinal tap indicated a brain lesion. At the trial he testified that he was "knocked out" and did not remember anything from the time of the accident until he woke up in the hospital seven or eight days later; that he was paralyzed on his whole right side, and that his leg still hurt him an "awful lot"; that since he went back to work after the accident, he often had headaches and dizzy spells; that for 10 days after the accident he had double vision, and that he had trouble with his vision

since going back to work. One of the physicians who examined him testified that at the time of his discharge from the county hospital on December 16th, Henry had a questionable facial paralysis.

We cannot here hold as a matter of law that the general damages awarded plaintiffs exceeded the amount justified by the evidence. It is only when the facts before us are sufficient as to suggest passion, prejudice or corruption on the part of the trial judge or jury that we can interfere with the amount of damages awarded. (*Sassano* v. *Roullard*, 27 Cal.App.2d 372, 374 [81 P.2d 213].) In *Thompson* v. *Simonds*, 68 Cal.App.2d 151, 162 [155 P.2d 870], it was held that jurors, and a trial judge as well, may use their personal experiences and knowledge in arriving at the amount of damages to be awarded under the facts of a particular case, and that damages may be awarded for pain, anxiety, inconvenience, annoyance, interference with the comfort of plaintiff and his family, and disadvantage suffered by reason of a defendant's acts; that as to such elements of damage the amount of compensation is not susceptible of proof in dollars and cents, but must be left to the sound discretion of a trial court, to be ascertained and adjudged after consideration of all the facts and circumstances established by the evidence in the case; and that the amount of damages to be awarded in a particular case is ordinarily a question of fact entirely within the province of a jury, or, in the absence of a jury, of a trial court, especially where the law furnishes no rule for their admeasurement. It was further held that it is only where a verdict is so grossly disproportionate to any reasonable limit of compensation warranted by the facts as to shock the sense of justice and raise at once a strong presumption that it is based on prejudice or passion rather than sober judgment, that a court is at liberty to interpose its judgment against that of a jury; and this rule applies equally to the findings of a trial court when considered on appeal.

 Appellants argue that there was no substantial evidence to support the findings of fact and judgment for future pain and suffering and medical care. There was testimony adduced that Ruben Mendoza at the time of trial was still suffering from a loss of memory; that he had shooting pains in his back; that he was unable to hold any position because his kidney bothered him and that he had dizzy spells. There was also evidence that plaintiff Henry Mendoza at the time of the trial was suffering from headaches and dizzy

spells and was having trouble with his vision. This evidence tended to prove future damages, supporting an award therefor. (*Loper* v. *Morrison*, 23 Cal.2d 600, 611 [145 P.2d 1].) In *Paolini* v. *City & County of San Francisco*, 72 Cal. App.2d 579, 591 [164 P.2d 916], the court said:

"It was not required that the doctor testify that he was reasonably certain that the plaintiff would be disabled in the future. All that is required to establish future disability is that from all the evidence, including the expert testimony, if there be any, it satisfactorily appears that such disability will occur with reasonable certainty. (*Bauman* v. *San Francisco*, 42 Cal.App.2d 144 [108 P.2d 989]; *Riggs* v. *Gasser Motors*, 22 Cal.App.2d 636 [72 P.2d 172]; *Ostertag* v. *Bethlehem etc. Corp.*, 65 Cal.App.2d 795 [151 P.2d 647].)"

It appears, therefore, that it was not necessary that the award for the pain and suffering, if any, be supported by medical testimony as argued by appellants. In this connection it is further argued that the court took judicial notice of medical facts solely within the knowledge of experts and resorted to personal knowledge on subjects which must be proved by medical testimony. However, as stated by appellants, it would be speculation to say what portions of the judgment were based on this phase of the case. In *People* v. *Miller*, 41 Cal.App.2d 252, 258 [106 P.2d 239], it was held that the judge could not be charged with error in calling to his aid his own personal experience with the elements involved in the action. In the instant case the trial court observed that Ruben Mendoza broke down in tears when questioned about his painful examination in the hospital, and the court noted his behavior and attributed it to his kidney condition, stating that he could appreciate the condition referred to by the witness from personal experience and studies. Whether the court awarded damages for future suffering in this connection is not ascertainable from the record and we are unable to say as a matter of law that the general damages awarded are excessive in the case of either plaintiff. The awards of special damages, other than the sums allowed for future medical care are supported by the record and there is no serious contention that they were excessive.

It is argued that there is no evidence that future medical treatment will be necessary as the result of the injuries to plaintiffs and that the award of $100 to Ruben and $200 to Henry for such treatments was error. We are in accord with this contention. None of the physicians or

other witnesses who testified at the trial stated that future medical expenses would be necessary. The medical testimony was to the effect that expenses for such treatment would be unnecessary. There was no evidence indicating with reasonable certainty the amounts, if any, required for such purposes.

The judgment is modified by reducing the amount awarded plaintiff Ruben Mendoza for special damages to the sum of $839 and by reducing the special damages awarded Henry Mendoza to the sum of $512.90.

As so modified, the judgment is affirmed. Appellants shall pay costs.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied May 8, 1956, and appellants' petition for a hearing by the Supreme Court was denied June 6, 1956. Schauer, J., was of the opinion that the petition should be granted.