[Civ. No. 6209. Fourth Dist. Nov. 23, 1959.]

BRUCE THOMAS, Respondent, v. CHARLES DOORLEY et al., Appellants.

Heinly, Heinly & Tarr, Dale H. Heinly and Nathan W. Tarr for Appellants.

Benjamin W. Henderson and Carl Cress, Jr., for Respondent.

MONROE, J. pro tem.* — The plaintiff and respondent brought action for damages, including punitive damages, against the defendants for assault and battery. The trial court, sitting without a jury, found in favor of the plaintiff and awarded general damages in the amount of $2,000, plus $93 medical expenses and $500 punitive damages. From this judgment the defendants appeal. The trial court found, in substance, that on May 21, 1957, at approximately 11 p.m. in the city of Palm Springs, the defendants wilfully and unlawfully committed an assault and battery upon the plaintiff. It was further found that immediately thereafter the defendants transported the plaintiff, against his will, to a remote and isolated locality in Riverside County and again wilfully and unlawfully committed an assault and battery upon him. The court found that as a proximate result of the acts of defendants, plaintiff suffered physical injury, physical pain, mental suffering and injury to his business and personal reputation in the sum of $2,000. It was further found that plaintiff had incurred necessary medical expense in the amount of $93, and was entitled to exemplary and punitive damages in the amount of $500.

The defendants claim as grounds for reversal that appellant Doorley used no more force than was necessary to protect himself from an assault and that a finding to the contrary is not supported by substantial evidence. It is further contended that there was no evidence sufficient to support the finding of the trial court as to the amount of damage, and that such amount was grossly excessive. It is further claimed that the evidence was insufficient to support the finding of the trial court that respondent was entitled to punitive damages, and further that the award of $500 was grossly excessive.

---

*Assigned by Chairman of Judicial Council.

There was an irreconcilable conflict of the testimony as to the happenings on the night of the alleged assault, the plaintiff claiming in substance that it was an unprovoked, unwarranted and malicious assault, and the defendants asserting that the plaintiff assaulted the defendant Doorley, who used no more force than necessary to protect himself, and that the defendant Wood took no part in the transaction.

Under such circumstances it is for the trial court to determine the conflicts in the evidence and to determine the facts therefrom. The findings of the trial court will not be disturbed upon appeal where they are supported by substantial evidence. (*Moss* v. *Smith*, 181 Cal. 519 [185 P. 385]; *Harper* v. *Markarian*, 131 Cal.App.2d 771 [281 P.2d 305].)

The findings of the trial court, supported by the evidence of one witness, may not be held contrary to the evidence although several witnesses testify to the contrary. (*Thom* v. *Stewart*, 162 Cal. 413 [122 P. 1069].)

Briefly stated, the evidence introduced on behalf of the plaintiff and accepted as true by the trial court, is to the effect that plaintiff was indebted to the defendant Doorley in the sum of $1,000, borrowed about a month previously. Doorley appears to have been rather persistent in his efforts to collect the money and plaintiff testified that defendant Doorley had made threats against him. On the night in question defendants waited in the vicinity of plaintiff's residence. They were in a pick-up truck which was driven by defendant Wood. When plaintiff stopped his automobile in front of his home defendants requested him to get in the truck to go and get a cup of coffee, which invitation plaintiff declined. Thereupon, according to his testimony, he was assaulted and struck by defendant Doorley and was forced into the truck. Doorley then directed Wood to drive out into the country, which was done. It is plaintiff's testimony that when they arrived at an isolated spot on the desert he was dragged from the truck, given a severe beating by Doorley, and that thereupon the defendants left in the truck, leaving plaintiff where he had been beaten.

It is true that defendants gave a vastly different account of the affair. However, there is nothing inherently impossible or unbelievable in plaintiff's story. The trial court heard the testimony and observed the witnesses, and was in much better position to judge the truth of the story. The testimony thus given and accepted as true by the trial court establishes the cause of action alleged beyond controversy.

Plaintiff alleges that he was beaten about the face, resulting in a bruised, blackened eye and face, and cuts requiring a number of sutures. A photograph taken the next day supports this contention. Plaintiff also testified that he was put in fear, particularly when he was being beaten on the desert; that he appealed to Wood to help him, as he felt defendant Doorley was about to kill him; but that Wood stood by and waited until the beating was over and then drove away with his codefendant. Plaintiff testified that he had considerable trouble with his ear, that it became inflamed and emitted pus for some considerable time, and at the time of trial, one year later, he still was suffering from some ringing and unnatural noise in his ear.

The question of the amount of damages to be awarded for injuries is one addressed particularly to the trial court. Where there is injury or actual damage the finding of the trial court as to the amount thereof will not be disturbed unless such amount is so grossly out of proportion to the actual damages proven as to shock the conscience and sense of justice of the reviewing court and to suggest that the award of damages was based upon passion or prejudice rather than upon a consideration of the evidence. (*Martin* v. *Shea*, 182 Cal. 130 [187 P. 23] ; *Bechtold* v. *Bishop & Co.*, 16 Cal.2d 285 [105 P.2d 984] ; *Mendoza* v. *Rudolf*, 140 Cal.App.2d 633 [295 P.2d 445] ; *Harris* v. *Los Angeles Transit Lines*, 111 Cal. App.2d 593 [245 P.2d 35].)

The appellants, basing their contention upon the testimony given by the defendants, seek to present the matter as though the only thing involved was a voluntary fist fight between two individuals. When it is observed that the facts found by the trial court were that the plaintiff, after being beaten, was forced into a car and taken to a secluded spot where he was given a more thorough beating, they justify the conclusion that he was placed in fear and suffered anxiety and humiliation. Viewing the matter in the light of the testimony accepted by the court as true, it would appear that the conclusions of the trial court as to the amount of damages to be awarded were very conservative.

The same is true in reference to punitive damages under the facts as found. It is beyond controversy that the defendants were guilty of oppression and malice and that the court was justified in awarding punitive damages as provided by section 3294 of the Civil Code. The amount of the punitive damages is obviously not disproportionate to the

general damages as found, and seems to be amply supported and justified by the evidence. (*Sheward* v. *Magit*, 106 Cal. App.2d 163 [234 P.2d 708].)

It is true, as shown by the undisputed evidence, that defendant Wood did not physically assault the plaintiff and took no active part in beating him. The evidence, however, justifies the conclusion that he brought his codefendant to the place and waited with him with the evident purpose of waylaying the plaintiff and taking him to a secluded spot; that he assisted by driving the car; and stood by while the beating was administered. His acts constituted an active participation in the assault and he was thereby equally liable as a principal. (*Turner* v. *Whittel*, 2 Cal.App.2d 585 [38 P.2d 835]; *Boyajian* v. *Balian*, 7 Cal.App.2d 174 [46 P.2d 199].)

In the appellants' reply brief there is suggested for the first time that damages consisting of injury to his business and personal reputation were not a proper element of damage in an action of this character. There is some evidence that by reason of facial injuries the plaintiff was somewhat hampered for a time in his business activities. The fact is that there was very little evidence as to this feature of the case. A complete answer to the suggestion thus made in the reply brief is that such evidence was received without objection and no point was made of its propriety. Under the circumstances, we must assume on appeal that it had no serious part in the consideration of the trial court.

Judgment affirmed.

Griffin, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied December 17, 1959, and appellants' petition for a hearing by the Supreme Court was denied January 20, 1960.