[Civ. No. 25785.   Second Dist., Div. Four.   Oct. 16, 1962]

ARTHUR LEWIS, Plaintiff and Respondent, v. PROTECTIVE SECURITY LIFE INSURANCE COMPANY, Defendant and Appellant.

Wadsworth, Fraser & McClung and Robert H. Dahl for Defendant and Appellant.

Robert E. Krause for Plaintiff and Respondent.

BURKE, P. J.—This is an action for damages by plaintiff Arthur Lewis (Lewis) for $10,625 for breach of a written contract of employment with defendant Protective Security

Life Insurance Company (Protective). Protective counterclaimed for $24,279 for expense money allegedly withdrawn from the company's funds by Lewis. The case was tried without a jury and judgment was rendered in favor of the plaintiff for $10,535 plus interest. The court ruled against the defendant on its counterclaim. Protective appeals from the judgment.

The trial court found that Protective was formed largely through the efforts of Lewis who personally advanced all or a substantial part of the costs of incorporation; that it was agreed by the incorporators and subsequent members of the board of directors that Lewis be and he was fully reimbursed for such expenses and that the amount paid him represented the amount which was owing to him; that the amount paid was approved by Protective and the Insurance Commissioner of the State of California; that the repayment of the total of these advances was subsequently approved and ratified by the corporation.

With reference to the claimed improper withdrawal by Lewis of expenses aggregating $24,279, the court found that there was no merit in Protective's counterclaim; that Lewis' expense accounts were filed regularly, monthly and were subject to and under the control of Protective's auditors for action or inaction; and that Lewis was properly credited or reimbursed therefor. The court further found that Protective's board of directors chose to relieve Lewis of the presidency of the corporation, which was its privilege, and then saw fit to enter into a new written contract of employment of Lewis as executive vice president and director of agencies. The latter contract also gave Lewis authority to incur reasonable expenses for promoting the business of the company, including entertainment, travel and similar items plus vacation and sick leave. The contract of employment was drawn by the chief counsel of the corporation and was approved by the board of directors.

On May 21, 1959, Lewis wrote a written memorandum to the man who succeeded him as president of Protective advising him that he was taking his sick leave and of necessity his vacation pay, for surgery, commencing June 8, 1959. Lewis' employment was terminated by letter from Protective June 11, 1959, "for legal cause" while Lewis was in the hospital for surgery.

On appeal Protective contends that Lewis' refusal to account for the expense funds for which Protective counter-

claimed and his disparagement of Protective's officers and general conduct constituted sufficient legal cause for his discharge. As indicated, the trial court found that there was no merit to this contention.

Protective contends that Lewis was not entitled to damages during the period he served as president of another insurance company where he was prevented from recovering compensation by his own fraud. The trial court permitted Protective wide latitude in exploring any factual basis for these contentions, and while there was some conflict in such evidence the court resolved the conflict against Protective.

Protective also contends that Lewis was not entitled to damages after he was offered other employment. A great deal of testimony was taken concerning Lewis' efforts to secure other employment and his reasons for refusing to accept employment in the several instances where tentative offers were made to him. In this respect the court specifically found ". . . that Plaintiff did make an honest effort to find similar employment in the insurance field of a character substantially similar . . ." to Lewis' employment by Protective. The court further found that Lewis had received $90 for unemployment insurance, and in the judgment gave credit to Protective for this amount against the unpaid salary due him. The court fixed Lewis' damages in the amount of the salary agreed upon less the amount earned or that Lewis "might have earned in other employment."

We have reviewed the entire transcript of this four-day trial and have concluded that the findings of fact are fully supported by substantial evidence. It is axiomatic that the power of a reviewing court begins and ends with the determination as to whether there is any substantial evidence contradicted or uncontradicted that will support the trial court's findings. (*Baines* v. *Zuieback,* 84 Cal.App.2d 483, 488 [191 P.2d 67].)

Judgment is affirmed.

Jefferson, J., and Ford, J.,* concurred.

---

*Assigned by Chairman of Judicial Council.